### MOUGEY v UNION CENTRAL LIFE INSURANCE CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10866. Decided Oct. 13, 1930

Lamb, Vaughan & Krauss, Cleveland, for Mougey.

Garfield, Cross, MacGregor, Daoust & Baldwin, Cleveland, for Insurance Co.

Judges JUSTICE and CROW (3rd Dist) and MAUCK (4th Dist) sitting.

MAUCK, J.

It is not necessary here to recite the rights of the insured to extended insurance or paid up insurance after default as these matters are not in controversy in case it be determined that there was default.

The case has been so thoroughly briefed and opposing counsel are so familiar with the principles involved, that we do not think it incumbent upon us to enter into any extensive analysis of the terms of the policy or review of the authorities cited.

The provision above quoted indicates that it was the purpose of the Company in offering, and of the insured in accepting, the polciy, to give the insured the benefit of the lower rating he would be entitled to on August 17th as against the rating he would be entitled to at any time subsequent thereto. It seems clear that for the first premium the insured was in fact protected only from November 2nd, 1925 to August 17, 1926, with the additional period of grace of thirty-one days prescribed in the policy, and it is equally clear that the only protection that he could have had by an earlier acceptance was protection from September 2nd, 1925 to August 17th, 1926, unless the policy can be so construed as to cause its provisions to so read that the first premium ran from the date of the policy, September 2nd, 1925, to September 2nd, 1926, and each payment thereafter to run for one year ending on September 2nd. This the plaintiff in error urges ought to be done. It seems manifest that this contention of the plaintiff in error would require us to read into this policy something not found therein, or that by judicial decree we determine that the above quoted provision relating to consideration be read as though it provided for the payment of premiums on September 2nd rather than August 17th.

It was determined in an early Ohio case that insurance premiums must be paid at the time specified in the policy; that unless some rule of law or public policy prevent, the parties to a life insurance contract are at liberty to fix their own terms, and that the terms thus fixed by them determine their rights under the contract. **Union Mutual Life Insurance Company vs. McMillan, 24 Oh St 67.** No statute has been pointed out to us preventing the issuance of a policy by which the assured is for the first premium protected for less than one year and the case referred to shows that no public policy is violated by such a provision, for exactly that condition obtained in the McMillan case.

It is urged that a different view has been expressed in McMaster vs. New York Life Insurance Company, 183 U. S. 25. If that case undertook to lay down a rule of public policy different from that recognized by the Supreme Court of our own State, we would be compelled to follow the rule of the Supreme Court of Ohio rather than that of the Supreme Court of the United States. We are, however, unable to see that the principle on which the McMaster case was decided, if applied to the facts of this case, would avail the plaintiff. Some of the facts it is true bear close resemblance to the case at bar. In the McMaster case, however,

fraud had been practiced upon the assured by making the anniversary of the policy differ from the real agreement made by the parties, and the court in that case held that the insured was not estopped from showing the real facts of the understanding between the parties and the terms by which they ought to be bound, and that by those terms the plaintiff was entitled to recover.

It appears, therefore, that the element of fraud presented in the McMaster case and absent in this case, distinguishes that case from the one now before us, and this view has been expressed by various federal courts where the authority of the McMaster case has been invoked in cases quite parallel with the case at bar.

Plaintiff does not bring her case within the fair and plain terms of the contract. The policy by its own terms termniated the right to recover the face of the policy thirty-one days after August 17th, 1927. The insured survived until September 23, 1927. Recovery was properly denied by the Common Pleas.

Justice and Crow, JJ, concur.